Per Curiam.

The agreement between claimant and employer for a lump sum nonschedule adjustment could not become effective for any purpose or create any rights unless and until it was approved by the Workmen’s Compensation Board (Workmen’s Compensation Law, § 15, subd. 5-b; Matter of Dodson v. Healey Co., 275 App. Div. 130, motion for leave to appeal denied 300 N. Y. 760). This record establishes and both courts below found that there was no such approval by the board until November 3; 1950. Claimant had died on October 24, 1950 but the employer, not knowing of the death, sent a check for the amount of the settlement which check was deposited by plaintiff as administratrix of claimant in her account as administratrix. Since the adjustment or settlement was as to workmen’s compensation to accrue in the future and since the Workmen’s Compensation Board has no jurisdiction of any kind as to such compensation not accruing before claimant’s death, the board’s award of November 3,1950, including its approval of the adjustment, was entirely without jurisdiction and a nullity. It follows that claimant’s estate had no right to the proceeds of the check and that Special Term correctly decided that so much thereof as represented the amount of the- adjustment must be repaid to the employer.
The judgment of the Appellate Division should be reversed and the case remitted to the Supreme Court for further proceedings in accordance with this opinion.